FILED BY \_\_\_AR\_\_\_ D.C.
May 1, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | 25 Cr. |
| CHRISTOPHER AURINGER, ASHLEY GONZALEZ, JOSE A. MENA, and DAVID TERRY, | Our case number: 25-mj-6288-AOV |
| Defendants. | 25 CRIM 156 |

## COUNT ONE
**(Conspiracy to Distribute Narcotics)**

The Grand Jury charges:

1. In or about November 2024, in the Southern District of New York and elsewhere, CHRISTOPHER AURINGER, ASHLEY GONZALEZ, JOSE A. MENA, and DAVID TERRY, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

2. It was a part and an object of the conspiracy that CHRISTOPHER AURINGER, ASHLEY GONZALEZ, JOSE A. MENA, and DAVID TERRY, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance involved in the offense was 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION

4. As a result of committing the offense alleged in Count One of this Indictment, CHRISTOPHER AURINGER, ASHLEY GONZALEZ, JOSE A. MENA, and DAVID TERRY, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of any proceeds traceable to the commission of said offense.

## Substitute Assets Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

FOREPERSON

MATTHEW PODOLSKY
Acting United States Attorney